H. WINSOR ARNOLD, Appellant, *v.* HARVEY PARMELEE et al., Respondents.

In an equity action, certain issues of fact were tried by a jury, and on the trial improper evidence was received, under objection and exception. The action was tried by a judge other than the one who presided on the jury trial. A case containing the evidence given on that trial was received in evidence without objection. *Held*, that the exceptions taken on the jury trial were not available on appeal from the judgment; that by omitting to raise the objection to the improper evidence or calling the attention of the court thereto, the objections and exceptions must be deemed to have been waived.

(Argued December 2, 1884 ; decided January 20, 1885.)

THIS was an action to foreclose a mortgage; certain issues of fact thereon were tried by a jury. On that trial evidence, which the court here say was clearly inadmissible, was received under objection and exception. On the trial at Special Term, a case containing the evidence on the jury trial was offered and received in evidence without objection. The appellant sought to avail himself here of the said exceptions.

The court say:

"The whole case, with the testimony, was introduced by the plaintiff, and it was not then claimed that any objection existed as to any portion of it, and as no objection was made to the testimony before the judge who tried the case at Special Term, it must be regarded as not objected to. Under these circumstances, we think the plaintiff waived his right to object to the evidence upon appeal. If he had intended to rely upon these objections, his counsel should have so stated, and the judge at Special Term should have been called upon to make a ruling, as to the admissibility of these portions of the evidence, either by objection to the same or by motion to strike out the testimony. As this was not done, the exceptions taken to the rulings of the court upon the trial before the jury are not now available.

"For the same reason, the exception taken to the ruling of the court excluding the offer of the plaintiff to show what the arrangement was in reference to the payment of money by Munger, as already stated, is not now well taken.

"As no legal error was committed upon the trial, the judgment should be affirmed."

*Myron H. Peck* for appellant.

*J. A. Stull* for respondents.

MILLER, J., reads for affirmance.

All concur, except DANFORTH, J., who takes no part.

Judgment affirmed.